## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| GALDIEUX TRADING & MARKETING CO., L.P., and GLADIEUX PROCESSING, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:09-CV-221 ) |
| WELLS FARGO BANK, N.A., | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant Wells Fargo Bank, N.A., removed this case to this Court from the Allen Superior Court in Allen County, Indiana, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges, "Based on the information in the Complaint, Plaintiff Gladieux Trading is a citizen of Indiana for purposes of diversity jurisdiction. Gladieux Processing is a citizen of Indiana for purposes of diversity jurisdiction." (Notice of Removal ¶ 6.) The Notice of Removal also explains that Defendant Wells Fargo is a citizen of South Dakota. (Notice of Removal ¶¶ 4-5.)

Defendant's Notice of Removal, however, is inadequate. For purposes of determining diversity jurisdiction, "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. And here, the Defendant's Notice of Removal does not properly advise Court of the Plaintiffs' citizenships.

To begin, the Defendants allege the Plaintiffs' citizenships "[b]ased on information in the

Complaint . . . ." (Notice of Removal ¶ 6.) However, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

Defendant's Notice of Removal was also deficient with respect to each Plaintiff's citizenship. As to Plaintiff Gladieux Trading & Marketing Co., L.P., "a limited partnership has the citizenships of each partner, general and limited." *Guar. Nat'l Title Co.,* 101 F.3d at 59 ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). Thus, a court "need[s] to know the name and citizenship(s) of its general and limited partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002). Moreover, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson*, 312 F.3d at 320; *see also Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("[B]oth general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen.").

Lastly, as to Plaintiff Gladieux Processing, LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v.*

2

*Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of Gladieux Processing, LLC to ensure that none of its members share a common citizenship with Defendant. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Gladieux Processing, LLC who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Defendant Wells Fargo Bank is ORDERED to supplement the record forthwith as to the citizenship of each party, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 13th day of August, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge